UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOURIUANH SIAKHASONE,         **Case No.:**

    Plaintiff,         **Honorable:**

v.

CAPITAL ONE BANK (USA), N.A.,

    Defendant.
_____/

PRICE LAW GROUP, APC
David A. Chami, AZ #027585
8245 North 85th Way
Scottsdale, AZ 85258
(P): 818-600-5515
david@pricelawgroup.com

CHAMI LAW, PLLC
Tarek N. Chami (P76407)
16030 Michigan Ave. STE 215
Dearborn, MI 48126
(P): (313) 444-5029
tarek@chamilawpllc.com
*Attorneys for Plaintiff*
*Souriuanh Siakhasone*

## COMPLAINT FOR DAMAGES

Plaintiff, Souriuanh Siakhasone ("Plaintiff"), through her attorneys, alleges the following against Capital One Bank (USA), N.A., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the County of Grand Traverse, State of Michigan.

7. Defendant is a creditor engaged in the business of giving consumer loans with its principal place of business located in McLean, Virginia. Defendant can be served with process at 1680 Capital One Drive, McLean, VA 22102-3491.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendants are attempting to collect a debt from Plaintiff.

10. In or around March of 2018, Defendant began placing calls to Plaintiff's cellular phone, phone number ending in 8515, in an attempt to collect an alleged debt.

11. The calls placed by Defendant originated from (800) 955-6600.

12. On or about March 18, 2018, at 11:54 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (800) 955-6600.

13. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Capital One account.

14. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

15. Defendant's incessant calls continued nearly every day until June 1, 2018.

16. Between March 18, 2018 and June 1, 2018, Defendant called Plaintiff approximately one-hundred (100) times.

17. Upon information and belief, Plaintiff received calls from Defendant while traveling throughout the State of Michigan. Specifically, Plaintiff traveled to the City of Detroit, at the time Defendant was calling, on April 10, 2018.

18. Defendant called Plaintiff between one (1) and two (2) times a day.

19. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

20. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

21. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." Id.

22. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." Id. at 14091-92, paras. 132-33.

23. Defendant consistently called Plaintiff around the same time every day, indicating the use of a predictive dialer.

24. For example, Defendant called Plaintiff at 11:54 a.m. (March 18, 2018), 11:45 a.m. (April 16, 2018), 11:44 a.m. (April 21, 2018), 11:32 a.m. (April 22, 2018), 11:32 a.m. (April 28, 2018), and 11:35 a.m. (April 29, 2018).

25. Plaintiff owns and operates a nail salon in Traverse City, Michigan, which requires long work days with little to no rest. The overwhelming amount of calls were placed while she was at work.

26. Plaintiff's cell phone needed to be in her possession and the constant ringing of her phone caused by Defendant was a distraction and disturbance.

27. Defendant's calls not only induced stress, but also anxiety that her work would be affected in a negative manner due to the daily incessant calls to her cellular phone.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
## Defendant's Violations of the TCPA, 47 U.S.C. § 227

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and

every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

32. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

33. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Souriuanh Siakhasone, respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully Submitted,

**PRICE LAW GROUP, APC**

Date: September 26, 2018

By:*/s/David A. Chami*
David A. Chami, AZ #027585
8245 North 85th Way
Scottsdale, AZ 85258
T: 818-600-5515
F: 818-600-5464
david@pricelawgroup.com
*Attorneys for Plaintiff*
*Souriuanh Siakhasone*